[No. B198572. Second Dist., Div. Six. June 30, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVY WYCOFF, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to rules 8.1105 and 8.1110 of the California Rules of Court, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

## COUNSEL

Jeffrey Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson, Susan D. Martynec and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PERREN, J.**—Davy Wycoff appeals the judgment entered after a jury convicted him of selling, transporting, or offering to sell cocaine base (Health & Saf. Code,[1] § 11352, subd. (a)) and possession of a controlled substance (cocaine) (§ 11350, subd. (a)). The trial court also found true the allegations that Wycoff had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had suffered a prior narcotics conviction and served a prior prison term (§§ 11351, 11370.2, subd. (a); Pen. Code, § 667.5, subd. (b)). He was sentenced to eight years in state prison. In addition to contentions challenging the sufficiency and exclusion of evidence, he asks us to independently review the record of the in camera hearing on his *Pitchess* motion. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].) While we reject Wycoff's claims of error, we conditionally reverse the judgment and remand for a new *Pitchess* hearing in which the proper procedure is followed, in accordance with *People v. Guevara* (2007) 148 Cal.App.4th 62, 69 [55 Cal.Rptr.3d 581] (*Guevara*). We publish this case to clarify that defendant has the right to appeal the judgment entered on remand following a conditional reversal.

---

[1] All further undesignated statutory references are to the Health and Safety Code.

## FACTS

At 3:30 a.m. on September 30, 2006, Los Angeles Police Officer Michael Barrios and his partner were patrolling in Wilmington when they saw Wycoff and Josselle Hernandez standing on a street corner. As they drove closer, Officer Barrios observed Wycoff hand Hernandez something after both of them had been looking down at the open palm of Wycoff's right hand. When Hernandez saw the patrol car, she brought her hand up to her mouth and put something inside. Wycoff turned his back away from the officers, appeared to manipulate his rear waistband, and then dropped a plastic baggy he was holding in his right hand. Officer Barrios recovered the baggy, which contained an off-white substance that resembled rock cocaine. The officer also recovered an off-white substance resembling rock cocaine from Hernandez's mouth. Wycoff had $9 in cash in his pocket, all in $1 bills, while Hernandez had a total of $7.

Based on his training and experience, Officer Barrios opined that he and his partner had observed Wycoff and Hernandez engaging in a drug transaction. Although he did not observe money being exchanged, the rocks in the baggy and the lack of a smoking device led the officer to conclude that Wycoff possessed the drugs for sale. The officer estimated that the rock in Hernandez's mouth would have cost between $2 and $5, while the rocks in the baggy would have brought from $2 to $10 each. He also opined that the rock in Hernandez's mouth was large enough to smoke. A Los Angeles Police Department criminalist who conducted color screening and microcrystal tests on the rocks recovered from Hernandez's mouth and the baggy testified that both items were "cocaine in the form of cocaine base."

Hernandez testified on Wycoff's behalf. Hernandez pled guilty to simple possession of a controlled substance (§ 11350, subd. (a)) as a result of the drugs she had in her mouth when she and Wycoff were arrested. She also pled guilty and was sentenced to prison for the sale of a controlled substance based on a different incident in January 2007. She also admitted that she had a prior conviction for simple possession in Texas, along with numerous convictions for prostitution. Hernandez told the jury that she and Wycoff were merely talking when Officer Barrios approached her, and claimed that Wycoff had not given her the rock she had in her mouth. She had never seen Wycoff sell or use "dope," and claimed that the baggy Officer Barrios attributed to

him was found approximately 10 feet away from him after a 45-minute search.

## DISCUSSION

## [[/]]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.

### *Pitchess*

Prior to trial, Wycoff filed a motion pursuant to *Pitchess v. Superior Court, supra,* 11 Cal.3d 531, seeking discovery of complaints against Officer Barrios regarding the filing of false police reports. The trial court held an in camera hearing regarding the officer's personnel file, and concluded that the files contained no such information. Wycoff requests that we independently examine the sealed transcript and records produced in response to his discovery motion. (*People v. Samuels* (2005) 36 Cal.4th 96, 110 [30 Cal.Rptr.3d 105, 113 P.3d 1125] [standard of review].)

■ The sealed transcript of the in camera *Pitchess* hearing is part of the appellate record. We have reviewed the transcript, and conclude that the record is insufficient for us to determine whether the trial court properly exercised its discretion in denying discovery. "Although the custodian of records was required to submit for review only those documents that were potentially responsive to the discovery request, our Supreme Court has directed that '[t]he custodian should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion.' [Citation.] Moreover, 'if the custodian has any doubt whether a particular document is relevant, he or she should present it to the trial court.' [Citation.] [¶] Accordingly, in cases such as this where the custodian of records does not produce the entire personnel file for the court's review, he or she must establish on the record what documents or category of documents were included in the complete personnel file. In addition, if it is

---

*See footnote, *ante*, page 410.

not readily apparent from the nature of the documents that they are nonresponsive or irrelevant to the discovery request, the custodian must explain his or her decision to withhold them. Absent this information, the court cannot adequately assess the completeness of the custodian's review of the personnel files, nor can it establish the legitimacy of the custodian's decision to withhold documents contained therein. Such a procedure is necessary to satisfy the Supreme Court's pronouncement that 'the locus of decisionmaking' at a *Pitchess* hearing 'is to be the trial court, not the prosecution or the custodian of records.' [Citation.] It is for the court to make not only the final evaluation but also a record that can be reviewed on appeal." (*Guevara, supra*, 148 Cal.App.4th at pp. 68–69.)

■ Here, the custodian of records who testified at the *Pitchess* hearing did not provide the officer's personnel file for the court's review. While he brought certain documents and prepared a summary of them, neither those documents nor the summary is included in the sealed record on appeal. Moreover, the custodian did not provide a summary of the documents in the personnel file that were not presented for the court's review. Accordingly, the record is insufficient for our review. "We therefore conditionally reverse the judgment and remand for a new *Pitchess* hearing in which the proper procedure is followed." (*Guevara, supra*, 148 Cal.App.4th at p. 69.)

■ In conditionally reversing the judgment for a new *Pitchess* hearing in *Guevara*, we essentially adopted the disposition employed for the same purpose in *People v. Hustead* (1999) 74 Cal.App.4th 410, 423 [87 Cal.Rptr.2d 875]. That disposition provides that "[i]f the court [on remand] again finds there are no discoverable records, or that there is discoverable information but Guevara cannot establish that he was prejudiced by the denial of discovery, *the judgment shall be affirmed as of that date.* [Citation.]" (*Guevara, supra*, 148 Cal.App.4th at pp. 69–70, italics added.) The italicized language, however, could be construed to preclude the defendant from seeking appellate review of the trial court's rulings on the *Pitchess* motion following remand. That was not our intention. While the doctrines of law of the case, res judicata, and collateral estoppel will effectively preclude the relitigation of issues that were or could have been decided in the first appeal, the defendant retains the right to appeal from the judgment for the limited purpose of challenging the *Pitchess* findings. The *Guevara* disposition therefore should have provided that the judgment would be *reinstated* in the event the court again denied discovery. So states the disposition that follows.

## DISPOSITION

The judgment is conditionally reversed. The cause is remanded to the trial court with directions to hold a new hearing on Wycoff's *Pitchess* motion in conformance with the procedures described in this opinion. If the trial court finds there are discoverable records, they shall be produced and the court shall conduct such further proceedings as are necessary and appropriate. If the court finds there are no discoverable records, or that there is discoverable information but Wycoff cannot establish that he was prejudiced by the denial of discovery, the judgment shall be reinstated as of that date.

Gilbert, P. J., and Yegan, J., concurred.