Filed 11/13/13  P. v. Hurd CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B245314 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA098680) |
| v. | |
| MARKUS M. HURD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

Markus M. Hurd appeals from the judgment entered following his no contest plea to one count of possession of ammunition in violation of Penal Code section 30305, subdivision (a)(1).[1]  Appellant challenges the trial court's denial of his section 1538.5 motion to suppress evidence obtained during a probation search. He also asks us to conduct an independent review of the *Pitchess* hearing. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531.)  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Appellant was released from prison on October 6, 2011, after completing a term for possession of a controlled substance while in prison.  Appellant was placed on post-release community supervision (PRCS) under the Los Angeles County Probation Department.  (§§ 3450, 3451.)  The terms of his supervision included that he submit to search and seizure by any probation officer or peace officer at any time.  On October 14, 2011, appellant told a probation officer that he was living with his mother in Monrovia, California.  Appellant met with his probation officer in January or February 2012.

Deputy Joseph Morales of the Los Angeles County Sheriff's Department first encountered appellant around 2008 during a traffic stop.  Because of his work as a gang investigator, Deputy Morales knew that appellant was a gang member. Deputy Morales knew that appellant had gone to prison around 2009, and he learned from other deputies that appellant had been released in late 2011 or early 2012.

A few days before July 2, 2012, Deputy Morales conducted a computer search to verify that appellant was on probation or parole.  He did not recall which

---

[1]     All further statutory references are to the Penal Code.

[2]     The facts are taken from the hearing on appellant's motion to suppress.

database he used to verify appellant's search condition, but he also verified the condition with Deputy Mike Davis. He did not contact anyone from the probation department to verify appellant's probation status or to help with the probation search.

Deputy Mario Garcia conducted a CLETS database search of appellant at 12:59 p.m. on July 2, 2012. The report stated, "Hit on Hurd, Markus Mohammed, do not arrest or detain based solely on this response. P.R.C.S. community supervision record named Hurd, Markus Mohammed. . . . Disregard begin and discharge parole dates. Contact county probation to verify current status. Subject no longer under C.D.C.R. jurisdiction. . . . Subject will not be returned to C.D.C.R. custody for violations of P.R.C.S. conditions." Deputy Garcia did not testify, but the computer printout of his search was admitted into evidence.

On July 2, 2012, around 1:00 p.m., Deputy Morales and about six other deputies went to an apartment in West Covina to conduct surveillance and conduct a probation compliance search of appellant. During the surveillance, deputies saw appellant leave the apartment, go to a car, and return to the apartment. A car that appellant had been seen driving was registered to his mother and was seen at the apartment.

Deputy Morales knocked on the apartment door, and appellant's mother answered. He said he was there for a parole search and asked her if appellant was there. She said that he was and pointed to a bedroom. The deputies went to appellant's bedroom and saw appellant wearing headphones and "working on some sort of music." When the deputies began to search appellant, he spontaneously admitted he had a gun in the dresser. The deputies found a loaded firearm and some ammunition in the dresser.

3

Appellant was charged by information with three counts: (1) possession of a firearm with a prior violent conviction (§ 29900, subd. (a)(1)); (2) possession of a firearm by a felon (§ 29800, subd. (a)(1)); (3) possession of ammunition (§ 30305, subd. (a)(1)). The information further alleged that appellant had suffered two prior strikes pursuant to the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and served four prior prison terms (§ 667.5, subd. (b)).

Appellant filed a *Pitchess* motion, which the court granted in part. The court conducted an in camera hearing and ordered the disclosure of four records.

Appellant moved under section 1538.5 to suppress the evidence obtained during the search. After holding a hearing, the court denied appellant's motion to suppress. The court reasoned that the officers saw appellant and the car he was seen using at the apartment. The court also relied on testimony that Deputy Morales verified appellant's search condition a few days prior to the search and that Deputy Davis also verified the condition. The court further reasoned that, when the officers announced they were there for a parole search, appellant's mother pointed them to appellant's bedroom, confirming that appellant lived there and was subject to a search condition. ~ (RT C21)~

Appellant pled no contest to count 3, possession of ammunition, and the court dismissed counts 1 and 2. The court granted the People's motion to strike the remaining special allegations, including one strike allegation. The trial court sentenced appellant to the upper term of three years, doubled pursuant to the Three Strikes law, plus one year each for three prior prison term enhancements, for a total of nine years. Appellant appeals from the denial of his motion to suppress and asks us to review the *Pitchess* hearing.

**DISCUSSION**

I.    *Motion to Suppress*

Appellant contends that the trial court erred in denying his motion to suppress because the deputies failed to verify he was on supervised release before conducting the search.  Appellant relies on *People v. Sanders* (2003) 31 Cal.4th 318 (*Sanders*) to argue that the deputies violated his Fourth Amendment rights by failing to confirm his probation status after being advised to do so by the CLETS database.

"'The standard of appellate review of a trial court's ruling on a motion to suppress is well established.  We defer to the trial court's factual findings, express or implied, where supported by substantial evidence.  In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment.'  [Citation.]  . . .  The trial court's ruling may be affirmed if it was correct on any theory, even if we conclude the court was incorrect in its reasoning.  [Citation.]"  (*People v. Durant* (2012) 205 Cal.App.4th 57, 62.)

"A search pursuant to a parole or probation search condition is normally valid only if the officer knew of the condition when he did the search.  [Citations.] This is so because 'the reasonableness of a search must be determined from the circumstances known to the officer when the search was conducted[,] consistent with the primary purpose of the exclusionary rule – to deter police misconduct.' [Citation.]"  (*People v. Watkins* (2009) 170 Cal.App.4th 1403, 1409.)

In *Sanders*, "police searched the residence of two persons, one of whom was on parole and subject to a search condition of which the police were unaware at the time of the search."  (*Sanders*, *supra*, 31 Cal.4th at p. 322.)  The California Supreme Court examined California law and the purpose of the exclusionary rule,

noting that "whether a search is reasonable must be determined based upon the circumstances known to the officer when the search is conducted." (*Sanders*, *supra*, 31 Cal.4th at p. 334.) The court thus concluded that the evidence was properly suppressed, holding that "an otherwise unlawful search of the residence of an adult parolee may not be justified by the circumstance that the suspect was subject to a search condition of which the law enforcement officers were unaware when the search was conducted." (*Id.* at p. 335.)

Appellant relies on the fact that Deputy Garcia's CLETS search immediately prior to the search indicated that appellant's probation status needed to be verified with the county probation department. He argues that this CLETS report establishes that the deputies did not know about his probation status before conducting the search, thus violating *Sanders*.

Deputy Morales specifically testified that he and Deputy Davis verified appellant's search condition before searching the apartment. Although there was no computer record of Deputy Morales' search to support his testimony, the trial court reasoned that there would be no record if Deputy Morales had verified the condition by telephone. Defense counsel, however, pointed out that the People stipulated that Deputy Morales never called the probation officer. The People argued that there would have been no record if Deputy Morales had conducted the search on his own computer and not through dispatch.

The trial court acknowledged that it would have been better if the People had presented evidence of Deputy Morales' computer search and if he had remembered which database he relied upon to verify appellant's search condition. Nonetheless, the court credited Deputy Morales' testimony, reasoning that appellant's PRCS status had been acknowledged by the probation department and stipulated to by appellant.

6

The power to judge the credibility of witnesses is vested in the trial court, and "on appeal all presumptions favor the trial court's proper exercise of that power. [Citations.]" (*People v. Bowers* (2004) 117 Cal.App.4th 1261, 1271.) The trial court's finding that Deputy Morales verified appellant's search condition before conducting the search is supported by the record. We therefore affirm the court's denial of appellant's motion to suppress.

II.     *Pitchess Hearing*

Appellant asks us to conduct an independent review of the *Pitchess* proceedings to determine whether all relevant material was disclosed. In his *Pitchess* motion, appellant requested the personnel records of Deputies Morales, Garcia, Davis, and four others. Appellant asserted that the deputies had been harassing him since 2008 and that they falsified the reports in this case. He denied living at the address or admitting the presence of the firearm in the dresser. The court granted the *Pitchess* motion as to the three deputies who were in the room at the time appellant allegedly told them about the firearm.

The trial court's decision regarding the discoverability of material in police personnel files is reviewed under the abuse of discretion standard. (*People v. Cruz* (2008) 44 Cal.4th 636, 670.) "A trial court abuses its discretion when its ruling 'fall[s] "outside the bounds of reason."' [Citation.]" (*People v. Waidla* (2000) 22 Cal.4th 690, 714.)

We have examined the record of the trial court's in camera review of the deputies' personnel files. The transcript indicates that the trial court complied with the procedural requirements of a *Pitchess* hearing. There was a court reporter present, and the custodian of records was sworn prior to testifying. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229, fn. 4 (*Mooc*); *People v. Yearwood* (2013) 213

Cal.App.4th 161, 180.)  The custodian of records complied with the requirement to bring all the records and submit them for the court to review and determine which documents were relevant.  (*People v. Wycoff* (2008) 164 Cal.App.4th 410, 414-415 (*Wycoff*).)

The documents screened by the trial court were not made part of the record on appeal.  However, the reporter's transcript of the in camera proceeding indicates that the custodian of records stated for the record the contents of each document and did not omit any of the documents.  (*Mooc*, *supra*, 26 Cal.4th at p. 1229.)  The court, not the custodian of records, determined whether the documents in the personnel file contained relevant information.  (Cf. *Wycoff*, *supra*, 164 Cal.App.4th at pp. 414-415 [insufficient record when custodian did not produce entire personnel file and no record was made of personnel documents not produced].)  The record on appeal therefore is adequate to permit meaningful appellate review.  Having reviewed the sealed reporter's transcript of the in camera proceeding, we find no error or abuse of discretion.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:



EPSTEIN, P. J.



MANELLA, J.

9