Filed 1/8/14  P. v. Daniels CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B246347 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA386514) |
| v. | |
| MELVIN ROY DANIELS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William N. Sterling, Judge.  Reversed with directions.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, and Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.

————————————

A jury convicted Melvin Roy Daniels of one count of sale of a controlled substance and one count of possession for sale of a controlled substance. Daniels appeals, contending that the trial court abused its discretion when it denied his motion for discovery pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*), without conducting an in camera review of the requested police personnel records. We conclude that the trial court abused its discretion.

## BACKGROUND

An information charged Daniels with sale of a controlled substance (hydrocodone) in violation of Health and Safety Code section 11352, subdivision (a) (count 1), and possession for sale of controlled substances (clonazepam and hydrocodone) in violation of Health and Safety Code section 11351 (count 2), both on June 3, 2011. The information also alleged that Daniels had suffered three prior convictions, one of which was a prior strike conviction. Daniels pleaded not guilty and denied the allegations.

Daniels filed a *Pitchess* motion on November 30, 2011, requesting discovery of complaints and other police personnel records concerning the County of Los Angeles Sheriff's Department (LASD) Deputy L. Carter, and relating to a wide range of misconduct, including racial and other bias, coercive conduct, fabrication of evidence, false arrest, perjury, writing false police reports, and planting evidence.

Attached to the motion was a June 3, 2011 incident report, prepared by Deputy Eric Tscharanyan. The report stated that in response to ongoing illegal street sales of pharmaceuticals on 5th Street between Broadway and Spring, Deputy Tscharanyan and his team conducted an undercover buy/bust operation in the area. Deputy Carter, acting under cover, was given a prerecorded $5 bill and directed to buy prescription pills from street dealers. She saw Daniels on the southeast corner of Spring and Broadway, approached him, and asked if he had any pills. Daniels replied, "'I got [V]icodins, two for five dollars baby.'" Deputy Carter told him that was what she wanted and gave him the $5 bill. Daniels reached into his right front pants pocket, removed a yellow prescription pill bottle, took out two hydrocodone pills, and handed the pills to Deputy Carter, who put the pills into her right front pants pocket and walked away. She told

2

another deputy about the transaction, and Daniels was detained and arrested after Deputy Carter identified him. Daniels told Deputy Tscharanyan, "'I didn't sell any pills, I just changed five ones for a five dollar bill.'" After Daniels was transported and booked, the prerecorded money was recovered from his right front pants pocket, and six additional yellow pill bottles were recovered from his backpack; two contained clonazepam pills, and one contained hydrocodone pills.

The declaration by Daniels's counsel accompanying the *Pitchess* motion stated: "The police report states that the defendant, upon being approached by [D]eputy L. Carter, was asked if he 'had any pills.' The report states that defendant then said that he had [V]icodin, two for five dollars. [¶] Upon information and belief, the defendant never stated that he had any pills and never reached into his pocket and removed pills. He never gave the officer any narcotics. The whole case is built on this act which the defendant states never happened and has been fabricated by deputy L. Carter." (Boldface omitted.)

In written opposition, LASD contended that the declaration was insufficient and the request for documents was overbroad.

At a hearing on January 3, 2012, the trial court stated that its indicated ruling "was to deny the *Pitchess* as it appears to the court to be a mere denial, and there is no alternative factual scenario." Counsel for Daniels argued that the declaration stated that "my client indicated that . . . the whole transaction that the officer alleged took place was untrue." The prosecutor responded that there was no "positive scenario for misconduct." The trial court then denied the *Pitchess* motion, stating: "[I]t's a mere denial. There's no plausible factual scenario explaining what he was doing there. The evidence that is not denied is that he had other pills in his backpack. So under the case law, even though there's a very low threshold for *Pitchess*, this does not meet that very low threshold. The *Pitchess* is denied."[1]

---

[1] Daniels was present at the hearing but was removed from the courtroom after interrupting and cursing at the judge. After considering multiple evaluation reports, the trial court later found Daniels mentally incompetent to stand trial. After Daniels spent

3

After trial, the jury convicted Daniels on both counts. Daniels waived a jury trial on the allegations and admitted the three prior convictions. The court struck the prior strike conviction and two of the prior prison terms. The trial court sentenced Daniels to six years in state prison on count 1, and stayed (pursuant to Pen. Code, § 654) a concurrent sentence of four years on count 2. The court awarded presentence custody credits and ordered Daniels to pay fines and fees.

Daniels filed this timely appeal.

## DISCUSSION

### I. The trial court abused its discretion in denying the *Pitchess* motion.

A defendant is entitled to discovery of a law enforcement officer's confidential personnel records containing information relevant to the defendant's defense. (*Pitchess*, *supra*, 11 Cal.3d at pp. 537–538.) The procedure requires a showing by the defendant of good cause for the discovery, an in camera review of the records if good cause is shown, and disclosure of information "relevant to the subject matter involved in the pending litigation." (Evid. Code, § 1045, subd. (a).) While the threshold for establishing good cause is "'relatively low,'" the defendant must "'establish a plausible factual foundation'" for his defense, by presenting "a specific factual scenario of officer misconduct that is plausible when read in light of the pertinent documents." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1025 (*Warrick*).) A sufficient scenario "is one that might or could have occurred. Such a scenario is plausible because it presents an assertion of specific police misconduct that is both internally consistent and supports the defense proposed to the charges." (*Id.* at p. 1026.) A denial of the facts described in the police report, depending on the circumstances of the case, may establish a plausible factual foundation for the defense. (*Id.* at pp. 1024–1025.) "A motion for discovery of peace officer personnel records is 'addressed solely to the sound discretion of the trial court.'"

---

three months in Patton State Hospital, and based on a report from the hospital, the court found Daniels was competent to stand trial in September 2012, and trial began in November 2012.

4

(*People v. Gill* (1997) 60 Cal.App.4th 743, 749.)  We therefore review the trial court's denial of the motion for an abuse of that discretion.

In this case, the declaration from defense counsel stated that Daniels did not state that he had pills, did not reach into his pocket, did not remove pills, and did not give the deputy any narcotics.  In addition, the declaration stated that the "act . . . never happened and has been fabricated by deputy L. Carter."  This denial of the facts alleged in the police report, accompanied by the allegation that the deputy fabricated the entire scenario, is sufficient to constitute "a specific factual scenario of officer misconduct that is plausible when read in light of the pertinent documents."  (*Warrick*, *supra*, 35 Cal.4th at p. 1025.)  Having asserted that Deputy Carter made material misstatements by fabricating the events described in the police report, Daniels demonstrated that his defense would be that he did not remove any pills from his pocket or give the deputy any narcotics, thus meeting his burden to justify an in camera inspection of Deputy Carter's files with respect to acts of dishonesty.  (*People v. Hustead* (1999) 74 Cal.App.4th 410, 416–417.)

It was an abuse of discretion to deny the *Pitchess* motion.  We therefore remand to the trial court with directions to conduct a hearing on Daniels's *Pitchess* motion.  If there is no discoverable information in the deputy's personnel file, then the court shall reinstate the judgment.  If there is discoverable information and Daniels can establish that it was admissible and that he was prejudiced by the denial of its discovery, then the trial court shall order a new trial.  If Daniels is unable to establish prejudice, then, again, the judgment shall be reinstated.  (*People v. Wycoff* (2008) 164 Cal.App.4th 410, 415.)

## II.    The abstract of judgment must be corrected.

At Daniels's sentencing hearing the trial court ordered Daniels to serve the four year sentence on count 2 concurrently, and stayed the sentence pursuant to Penal Code section 254.  However, the abstract of judgment does not reflect that the sentence on count 2 is concurrent and stayed.  "[T]he abstract of judgment is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict."  (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.)

5

Also at Daniels's sentencing hearing, the court stated that Daniels was "given credit for 1021 days. 559 actual plus 469 goodtime/worktime." First, the stated total is mathematically incorrect: the correct sum of 559 and 469 is 1028 days, the total appearing on the abstract of judgment. Second, respondent states that Daniels, who was arrested on June 3, 2011, and sentenced on December 3, 2012, served 549 days of actual custody, and should receive 549 days of actual custody credit and 549 days of conduct credit. The trial court's failure to award the correct amount of presentence custody credit is a jurisdictional defect that renders the sentence unauthorized. (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) An unauthorized sentence is subject to judicial correction whenever it comes to the attention of the reviewing court. (*People v. Serrato* (1973) 9 Cal.3d 753, 763, disapproved on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)

We agree with respondent that Daniels served 549 days of actual custody. We do not agree, however, that he was entitled to 549 days of conduct credit.

Daniels committed the offenses of which he was convicted in June 2011. At that time, his ability to earn conduct credit was limited to two days for every four days of actual time served in presentence custody. (Stats. 2010, ch. 426, § 2, Sept. 2010 amendment to Pen. Code, § 4019.) The amendment to the statute increasing the amount of conduct credit to two days of conduct credit for every two days of actual custody credit was not operative until October 1, 2011. (Former § 4019, subd. (h), as amended by Stats. 2011, ch. 39, § 53.) Penal Code section 4019, subdivision (h), currently provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined . . . for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

Our Supreme Court has held, however, that the increased accrual rate in the former section 4019 could not be given retroactive effect in the absence of express legislative intent to the contrary. (*People v. Brown* (2012) 54 Cal.4th 314, 318–319, 324.) It follows that the current "enhanced conduct credit provision applies *only* to those

6

defendants who committed their crimes on or after October 1, 2011." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 52.) Daniels "is not entitled to enhanced conduct credits for time served on or after October 1, 2011, because he committed his crimes before the effective date." (*Id.* at p. 51; accord *People v. Miles* (2013) 220 Cal.App.4th 432, 436; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553.)

Because Daniels committed his crimes before the effective date of the increased accrual rate, he is entitled to conduct credit under the prior formula of two days for every four days of actual time served in presentence custody. Daniels served 549 days of actual time. He therefore is entitled to 274 days of conduct credit.

**DISPOSITION**

The judgment is reversed. The case is remanded to the trial court to conduct a hearing on defendant's *Pitchess* motion. If there is no discoverable information in Deputy L. Carter's personnel files, then the trial court is ordered to reinstate the judgment—modifying the judgment to grant defendant credit for 549 days in actual presentence custody and 274 days of conduct credits for a total credit of 823 days, and correcting the abstract of judgment to reflect this total, and also to reflect that the sentence on count 2 is concurrent and stayed—with the trial court directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment.

If there is discoverable information and defendant can establish that it was admissible and that he was prejudiced by the denial of its discovery, then the trial court is directed to order a new trial. If defendant is unable to establish prejudice, then the trial court is ordered to reinstate the judgment—modified as described above—and the trial court is also directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.