Filed 6/3/21  P. v. Sturgell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL KENT STURGELL,<br><br>    Defendant and Appellant. | C089639<br><br>(Super. Ct. Nos. F18-000141<br>& F18-000057) |

Defendant Michael Kent Sturgell pleaded no contest to first degree residential burglary and, in a subsequent case, a jury found him guilty of first degree murder.  On appeal, defendant contends that we must independently review the sealed transcript of the in camera *Pitchess*[1] hearing to determine whether the trial court abused its discretion in refusing to disclose any potentially relevant personnel records of one police detective.

---

[1]  *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

1

The Attorney General does not oppose the request for independent review of the hearing transcript. Additionally, the Attorney General requests, and defendant concedes, that we correct a clerical error in the abstract of judgment. We agree that the clerical error must be corrected. Having reviewed the sealed transcript of the *Pitchess* hearing, we conclude that no information was discoverable under *Pitchess*. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Due to the limited nature of the claims on appeal, we need not recite the offenses in any detail. In case No. F18-000057, defendant pleaded no contest to one count of first degree residential burglary (Pen. Code, § 459).[2] Pursuant to the plea agreement, the trial court sentenced defendant to a term of two years in state prison and ordered that his sentence run consecutive to his sentence in case No. F18-000141. A minute order and the abstract of judgment indicate that defendant was sentenced to prison for eight months. Defendant did not file a separate notice of appeal in this case.

In case No. F18-000141, defendant was charged with murder (§ 187, subd. (a)). Following a trial, a jury found him guilty of first degree murder. The trial court sentenced defendant to state prison for an indeterminate term of 25 years to life. That same day, defendant filed a notice of appeal. This court granted defendant's motion to construe the notice of appeal to include the judgment in case No. F18-000057.

## DISCUSSION

## I

## Pitchess *Motion*

Following his arraignment in case No. F18-000141, defendant filed a *Pitchess* motion pursuant to Evidence Code section 1043, seeking the disclosure of the personnel records of Detective Brandon Corchero pursuant to section 832.7, subdivision (a) and Evidence Code sections 1043 and 1045. Specifically, defendant sought review of the

---

[2] Undesignated statutory references are to the Penal Code.

detective's personnel record for material related to complaints or incidents involving "dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, or any act involving morally lax character." The trial court granted defendant's *Pitchess* motion based on a showing of good cause and conducted an in camera hearing in the presence of county counsel and the custodian of records and determined that there was no discovery to disclose.

Defendant requests that we review the sealed record of the in camera hearing to determine whether the trial court complied with required procedures and whether it abused its discretion when it found no discoverable items. The Attorney General does not object to our independent review of the sealed transcript of the *Pitchess* hearing, as defendant requests.

This court granted defendant's request to augment the record to include Detective Corchero's personnel file and any other documents that the trial court reviewed at the *Pitchess* hearing. The trial court filed a declaration that after the judge determined that there were no records to be produced, the personnel file was returned to the sheriff's office. Thus, the clerk was not able to produce any part of the personnel file because none of its contents were in the court's possession. This court advised the parties of the trial court's declaration. Appellant did not seek a settled statement concerning those documents examined by the trial court. (See Cal. Rules of Court, rule 8.346; see also *People v. Anderson* (2006) 141 Cal.App.4th 430, 440 [settled statement designed to fill gaps in appellate record].) However, the trial court provided a detailed itemized summary of all pertinent documents it reviewed during the *Pitchess* hearing sufficient for meaningful appellate review. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1229 [to permit "meaningful appellate review," the trial court must make a record of the documents examined by photocopying them, making a list of them, or stating on the record what documents it reviewed]; *People v. Wycoff* (2008) 164 Cal.App.4th 410, 415-416 [conditionally reversing and remanding for a new *Pitchess* hearing in part because

3

the custodian of records did not provide *either* the complete personnel file *or* a summary of the documents that were not presented for the court's review].)  Accordingly, our review is limited to the sealed record of the in camera *Pitchess* hearing.

Sections 832.5, 832.7, and 832.8 and Evidence Code sections 1043 through 1045 codify *Pitchess, supra*, 11 Cal.3d 531, which recognized that "a criminal defendant may, in some circumstances, compel the discovery of evidence in the arresting law enforcement officer's personnel file that is relevant to the defendant's ability to defend against a criminal charge." (*People v. Mooc, supra*, 26 Cal.4th at p. 1219.)  If a defendant seeking to discover an officer's personnel records shows good cause, then the trial court examines all relevant information from the custodian of records " 'out of the presence and hearing of all persons except the person authorized [to possess the records] and such other persons [the custodian of records] is willing to have present' [citations]." (*Id.* at p. 1226; see Evid. Code, §§ 915, subd. (b), 1045, subd. (b).)  "A trial court's decision on the discoverability of material in police personnel files is reviewable under an abuse of discretion standard." (*People v. Jackson* (1996) 13 Cal.4th 1164, 1220.)

As requested, we have reviewed the sealed transcript of the in camera proceeding in which the trial court questioned the custodian of records under oath regarding the detective's personnel records.  Based on our review, we conclude the trial court did not abuse its discretion in finding that no materials subject to disclosure and responsive to defendant's request existed.

## II

### *Correction to Abstract of Judgment*

The Attorney General contends, and defendant concedes, that the abstract of judgment must be corrected to reflect that the sentence in case No. F18-000057 is two years in prison for first degree residential burglary.  We agree.

At a combined sentencing hearing, the trial court sentenced defendant in case No. F18-000057 to two years in prison for first degree residential burglary as authorized by

4

the plea agreement. However, the minute order and abstract of judgment incorrectly state that defendant was sentenced to eight months in prison. (See *People v. Neely* (2009) 176 Cal.App.4th 787, 797 [eight-month sentence also would be unauthorized because sentencing for an indeterminate term crime (murder) and determinate term crime (burglary) are governed by separate and independent sentencing schemes and "[o]nly after each is determined are they added together to form the aggregate term of imprisonment"].) Generally, when there is a conflict between the oral pronouncement of judgment and a minute order, the former controls and the latter is presumed to be the result of clerical error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The oral pronouncement also controls over the abstract of judgment if the two conflict. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) Accordingly, the clerical error in the abstract of judgment must be corrected.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgement to reflect that the sentence in case No. F18-000057 is two years in prison for first degree residential burglary. A certified copy of the corrected abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.


/s/
HOCH, J.


We concur:


/s/
RAYE, P. J.


/s/
HULL, J.

5