[No. B182951. Second Dist., Div. Six. Feb. 28, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
SELVIN O. GUEVARA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to rules 8.1105(b) and 8.1110 of the California Rules of Court, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

**64**

### COUNSEL

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Mary Jo Graves, Chief Assistant Attorneys General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec, Kenneth N. Sokoler and Alan D. Tate, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**PERREN, J.**—Selvin O. Guevara appeals the judgment entered after a jury convicted him of misdemeanor battery (Pen. Code,[1] § 243, subd. (e)(1)), misdemeanor resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1)), and felony resisting an executive officer (§ 69). He assigns multiple claims of error, and also asks us to review the sealed transcript of the hearing held pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], to determine whether the court correctly determined that there were no discoverable complaints regarding the police officers involved in the case.

In an unpublished opinion, we originally rejected all of Guevara's claims and affirmed the judgment in its entirety. We subsequently granted Guevara's petition for rehearing. We now conclude that the matter must be remanded for a new *Pitchess* hearing. Accordingly, we conditionally reverse the judgment and remand for that purpose.

---

[1] Further statutory references are to the Penal Code, unless otherwise noted.

[[/]]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## FACTS AND PROCEDURAL HISTORY

### *The Charged Offenses*

On August 26, 2003, Guevara, who is six feet four inches tall and weighs approximately 270 pounds, slapped his girlfriend, Sheila Silva, during an argument at their house. He also threw a plastic lighter at her, striking her on the forehead. Silva called the police, and the responding officer observed swelling to her right eye. Guevara initially denied hitting Silva, but subsequently claimed that he had accidentally elbowed her in the eye while they were struggling over their infant child during an argument. He admitted striking Silva on the buttocks when she walked away with the child.

In January of 2004, Silva obtained a restraining order against Guevara. On the afternoon of January 20, 2004, Silva and her father went to Guevara's house to pick up some of Silva's property. Simi Valley Police Officers John Samarin and Larry Maher were at Guevara's house following up on an earlier domestic violence incident between Guevara and Silva. Officers Steve Prchal and Pat Zayicek were dispatched to the scene to help keep the peace while Silva recovered her property.

As Silva and her father began moving property from a car in the driveway to Silva's father's car, Guevara came out of the house and demanded that Silva not take any of her property. Guevara yelled obscenities and tried to talk to Silva. Officer Samarin warned Guevara that he was in violation of the restraining order. Guevara went back into the house, but returned to the front yard a few moments later and began yelling at Officer Maher. Officer Samarin advised Guevara that he could be arrested for violating the restraining order, but Guevara continued to yell obscenities.

When Guevara began pacing in front of the house, Officer Maher grabbed him by the shirt and Officer Samarin advised him that he was under arrest.

---

* See footnote, *ante*, page 62.

Guevara struck Officer Maher's arm to free himself, then jumped over a short fence and began running toward Silva. As he continued running down the street, all four officers pursued him. Guevara ignored demands to stop and raised his fists. Officer Samarin caught up with Guevara and struck him once on the left shoulder with his baton. Officer Maher then tackled Guevara and forced him to the ground. Guevara screamed, flailed his arms and legs, and tried to kick the officers as Officer Maher attempted to handcuff him. Officer Samarin struck Guevara's legs three times in an effort to subdue him, while Officer Prchal made two "distraction strikes" to Guevara's face. Guevara was ultimately handcuffed and placed in a patrol car, then transported to the hospital to obtain treatment for minor injuries to his face and lower right leg.

At trial, Guevara defended against the resisting charges (§§ 69, 148, subd. (a)(1)) on the theory that the officers had used excessive force in effectuating his arrest.[2] Van Ness Bogardus, a former Los Angeles County Sheriff's deputy and law enforcement instructor, opined that the officers had used excessive force in arresting Guevara. Bogardus was not aware, however, that Guevara had been involved in prior incidents of domestic violence and had resisted arrest on a prior occasion. In rebuttal, Ventura County Sheriff's Sergeant John Miller testified to his opinion that the officers' use of force was reasonable under the circumstances and that the prior domestic violence incident was relevant to the officers' actions.

### Prior Domestic Violence Incidents

On October 2, 2002, Guevara broke a door open after Silva locked him out of their apartment during an argument. When Silva threatened to call the police, Guevara grabbed her face.

On January 8, 2004, Guevara grabbed Silva by the mouth during an argument. When Silva attempted to call the police, Guevara struggled with

---

[2] The jury was instructed with CALJIC No. 9.29, as follows: "In a prosecution for violation of Penal Code Sections [243(b), 148(a), 69], the People have the burden of proving beyond a reasonable doubt that the peace officer was engaged in the performance of his duties. [¶] A peace officer is not engaged in the performance of his duties if he . . . uses unreasonable or excessive force in making or attempting to make the arrest. [¶] If you have a reasonable doubt that the peace officer was . . . using reasonable force in making or attempting to make the arrest and thus a reasonable doubt that the officer was engaged in the performance of his duties, you must find the defendant not guilty of any crime which includes an element that the peace officer was engaged in the performance of his duties."

her over the telephone, causing it to break. Guevara then threw a television remote control at Silva, striking her on the left wrist. Silva called the police, and Officers Samarin and Maher responded to the scene. Guevara resisted the officers' attempt to arrest him, and had to be forced down onto the bed in order to be handcuffed.

The jury convicted Guevara of misdemeanor battery against Silva, felony resisting an executive officer (Officer Maher), and misdemeanor resisting, obstructing, or delaying a peace officer (Officer Samarin). The jury acquitted Guevara on the charge of battery upon Officer Maher (§ 243, subd. (b)).

## DISCUSSION

### I.

### Pitchess *Motion*

Prior to trial, Guevara moved for access to the confidential personnel records of the police officers involved in the case pursuant to *Pitchess v. Superior Court, supra,* 11 Cal.3d 531. Guevara's motion sought "the names, addresses of any witnesses and any relevant police department reports concerning any complaints that might reflect on the credibility of the officers involved in this matter, including any and all reports that may concern any suspected crimes of moral turpitude." At an in camera hearing held on April 24, 2004, the court found no discoverable documents. Guevara seeks our review of the sealed transcript of that hearing to determine whether the court's ruling was correct. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1229–1232 [114 Cal.Rptr.2d 482, 36 P.3d 21].)

In our original opinion, we indicated we had reviewed the sealed transcript of the hearing and determined that the court did not abuse its discretion in concluding that Guevara was not entitled to any discovery. Guevara petitioned for rehearing on the ground that the opinion did not state we had actually reviewed the documents the trial court had examined in adjudicating the motion. We granted rehearing, and now conclude that the matter must be

remanded for a new hearing because the record is insufficient for us to determine whether the trial court properly exercised its discretion in denying discovery.

At the in camera hearing, the custodian of records for the Ventura City Police Department stated under oath that none of the involved officers' personnel files contained any information that was potentially responsive to Guevara's discovery request. Accordingly, no documents from the personnel files were submitted to the court for review, and on that basis the court determined that Guevara was not entitled to any discovery. The city attorney also stated that "just for the record, here is to be sealed a list for the four officers and what Sergeant Fitzpatrick [the custodian of records] did and examined and the case to show there was nothing relevant." The record does not reflect that the court actually reviewed that list, and the document was not forwarded to us as part of the record on appeal. Subsequent efforts to locate that document for inclusion in the record have been unsuccessful.

Although not stated in our original opinion, we concluded that the trial court did not abuse its discretion in finding no discoverable documents because the custodian of records was required to provide only those documents that were potentially relevant to Guevara's specific discovery request. (See *People v. Mooc, supra*, 26 Cal.4th at p. 1228.) In light of that proposition, we reasoned that the custodian's sworn statement that there were no potentially discoverable documents was all the court needed to make its determination.

■ On further consideration, we are persuaded that the sealed list contained information that was essential to the court's evaluation of the *Pitchess* motion. Although the custodian of records was required to submit for review only those documents that were potentially responsive to the discovery request, our Supreme Court has directed that "[t]he custodian should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion." (*People v. Mooc, supra*, 26 Cal.4th at p. 1229.) Moreover, "if the custodian has any doubt whether a particular document is relevant, he or she should present it to the trial court." (*Ibid.*)

██ Accordingly, in cases such as this where the custodian of records does not produce the entire personnel file for the court's review, he or she must establish on the record what documents or category of documents were included in the complete personnel file. In addition, if it is not readily apparent from the nature of the documents that they are nonresponsive or irrelevant to the discovery request, the custodian must explain his or her decision to withhold them. Absent this information, the court cannot adequately assess the completeness of the custodian's review of the personnel files, nor can it establish the legitimacy of the custodian's decision to withhold documents contained therein. Such a procedure is necessary to satisfy the Supreme Court's pronouncement that "the locus of decisionmaking" at a *Pitchess* hearing "is to be the trial court, not the prosecution or the custodian of records." (*People v. Mooc, supra*, 26 Cal.4th at p. 1229.) It is for the court to make not only the final evaluation but also a record that can be reviewed on appeal.

██ No such record exists in this case. There is no indication that the trial court actually reviewed the list the city attorney submitted in support of the custodian of record's decision to produce no records for the court's examination. Moreover, we are unable to review that list because it was not included in the record on appeal and cannot be located. We therefore conditionally reverse the judgment and remand for a new *Pitchess* hearing in which the proper procedure is followed.

[[/]]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is conditionally reversed. The cause is remanded to the trial court with directions to hold a new in camera hearing on Guevara's *Pitchess* motion in conformance with the procedures described in this opinion. If the trial court finds there are discoverable records, they shall be produced and the court shall conduct such further proceedings as are necessary and appropriate. If the court again finds there are no discoverable records, or that there is

---

*See footnote, *ante*, page 62.

discoverable information but Guevara cannot establish that he was prejudiced by the denial of discovery, the judgment shall be affirmed as of that date. (*People v. Hustead* (1999) 74 Cal.App.4th 410, 423 [87 Cal.Rptr.2d 875].)

Yegan, Acting P. J., and Coffee, J., concurred.

On March 1, 2007, the opinion was modified to read as printed above.