Filed 5/27/14  P. v. Moreno CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057972 |
| v. | (Super.Ct.No. FSB053258) |
| DANIEL JESUS MORENO, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Duke D. Rouse, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part and reversed in part with directions.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Peter Quon, Jr. and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION AND PROCEDURAL HISTORY

Defendant Daniel Jesus Moreno got into an argument with Tami Potter, a former probation officer with the County of San Bernardino (the County).  When Potter pushed defendant in the chest, defendant stabbed Potter with a knife, killing her.[1]  Defendant was charged with first degree murder.

To support possible defenses and lesser offenses, defendant filed a *Pitchess*[2] motion to obtain documents and information regarding Potter from the County.  The trial court denied the request without conducting an in camera review of the requested materials.  A jury convicted defendant as charged.

We conditionally reversed that conviction in *People v. Moreno, supra,* 192 Cal.App.4th 692, and directed the trial court to conduct an in camera review of the requested documents, order the disclosure of relevant information, allow defendant an opportunity to demonstrate prejudice, and order a new trial if there was a reasonable probability the outcome would have been different had the information been disclosed. (*Id.* at pp. 703, 711-712.)

---

[1]  A summary of the evidence produced at trial is set forth in *People v. Moreno* (2011) 192 Cal.App.4th 692 [Fourth Dist., Div. Two].  We do not set forth the underlying facts here because they are not necessary for our analysis.

[2]  *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

On July 29, 2011, the trial court held an in camera proceeding to review documents produced in response to defendant's *Pitchess* motion. Carol Greene, deputy county counsel for the County, appeared "on behalf of the probation department." No one else from the County appeared and no one was placed under oath. In addition to Greene and the trial judge, a court clerk and court reporter were present.

The court did not ask Greene whether she was the custodian of the records, did not inquire about the County's efforts to locate responsive documents, and did not ask whether the County withheld any responsive documents for any reason. Indeed, the only question asked of Greene was, at the outset of the hearing, "So what do we have here?" Greene responded by referring to a "cover memo" from the probation department to her regarding the production of documents. This memo, which is not part of our record, purportedly sets forth how "the documents were organized by category of where they came from, [Potter's] personnel file, disciplinary investigations, things of that nature." The court reviewed the documents as Greene occasionally interjected to identify the names of files and state her belief as to the general nature of the documents. The court described the contents of files for the record in general terms, usually in two or three sentences.[3]

The court identified two areas of discoverable material. The first is Potter's 1994 arrest in Arizona for the assault of her then-boyfriend. The court ordered the County to

---

[3] For example, regarding one file, the court stated: "It's a packet where there's an allegation of unprofessional conduct with another probation officer. It was not sustained. Basically a raising of words."

provide the defense with police reports regarding that incident and a document that appears to have been prepared by Potter in which she explains the prior arrest as part of her 1997 application for employment with the County. The second is a 1999 incident and County probation department disciplinary proceeding against Potter. Defendant was provided with the names, addresses, and telephone numbers of witnesses regarding that incident.

The reporter's transcript of the in camera proceeding was ordered sealed. It appears that the court returned the documents to Greene without retaining any copies for the record. No log or index of the documents was created.

In December 2011, defendant filed a "supplemental motion" for additional information and documents regarding the 1999 incident. The motion was based on the argument that the defense needed more information regarding that incident because some of the witnesses could not be located while others would not speak with defense investigators. The County opposed the motion. Following a hearing, the court denied the motion.

In April 2012, defendant moved for a new trial based on evidence of the 1994 assault. Following a hearing, the court denied the motion, stating: "I do not believe that, based upon the evidence at the trial, plus this new proffered evidence that there is a reasonable probability that the outcome would have been different . . . ."

On appeal, defendant contends that the court erred in failing to grant his supplemental *Pitchess* motion and by denying his motion for new trial. Defendant also

4

requests that we independently review the record regarding the in camera review to determine the adequacy of the proceeding. The Attorney General does not oppose this request.

The record on appeal includes the sealed reporter's transcript of the July 29, 2011, in camera hearing. Because the documents produced at that hearing were not included in our record and the court's description of the documents is insufficient for appellate review, we issued an order directing the trial court to hold a hearing to settle the record by having Greene, as counsel for the County, provide to the trial court copies of the documents that were reviewed in camera on July 29, 2011. We further ordered the court to certify that the documents produced by Greene were the same documents the court reviewed at the in camera hearing and to "transmit to this court in a confidential envelope a copy of the settled record of the items reviewed by the [court] at the in camera hearing held July 29, 2011."

The court held a hearing to settle the record on March 25, 2014. Greene was present. The hearing was not transcribed. A minute order regarding the hearing states: "Court certifies that the confidential items produced by . . . Greene are the same confidential documents provided and reviewed by the Court at the in camera hearing held on 07/29/2011 and the record is settled."[4]

_____

**4** This court thereafter received from the superior court an unsealed box of documents labeled "Tammy Potter Files - Copies for Carol Greene's Review July 2011." A sheet of paper taped to the top of the box states that its "SUBJECT" is Potter and that the box was delivered by Holly Benton of the "Probation Department" to Carole Greene. Nothing on the box refers to this case, the trial court's *Pitchess* proceedings, the hearing

*[footnote continued on next page]*

For the reasons set out below, we conclude that the failure to administer an oath to a custodian of records at the in camera hearing necessitates a second conditional reversal of the judgment. Upon remand, the court should be guided by the principles set forth in *People v. Mooc* (2001) 26 Cal.4th 1216 (*Mooc*) and its progeny with respect to the in camera hearing and the creation of an adequate record for appellate review. Because we believe the record is inadequate to review the merits of defendant's substantive claims, we do not address them in this appeal.

## II. DISCUSSION

Subject to certain exclusions and limitations, a defendant is entitled to discover a peace officer's confidential personnel records that contain information relevant to the defendant's defense. (*People v. Gaines* (2009) 46 Cal.4th 172, 179.) This right, established in *Pitchess* and subsequently codified in Evidence Code sections 1043 through 1045, is "based on the 'fundamental proposition that [an accused] is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information.' [Citation.]" (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84.) The statutory scheme "carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertinent to his defense." (*Ibid.*)

---

*[footnote continued from previous page]*
to settle the record, or the confidential nature of the enclosed documents. Nor was it accompanied by any record of the trial court's March 25, 2014, certification.

6

To obtain discovery, the defendant must file a motion, supported by affidavits, "showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information . . . ." (Evid. Code, § 1043, subd. (b)(3); see *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019.) If good cause is shown, the trial court then reviews the records in camera to determine if any are relevant to the proposed defense. (Evid. Code, § 1045, subd. (b); *People v. Gaines, supra,* 46 Cal.4th at p. 179.)

The manner in which the in camera hearing is conducted was addressed in *Mooc, supra,* 26 Cal.4th 1216: "When a trial court concludes a defendant's *Pitchess* motion shows good cause for discovery of relevant evidence contained in a law enforcement officer's personnel files, the custodian of the records is obligated to bring to the trial court all 'potentially relevant' documents to permit the trial court to examine them for itself. [Citation.] . . . Documents clearly irrelevant to a defendant's *Pitchess* request need not be presented to the trial court for in camera review. But if the custodian has any doubt whether a particular document is relevant, he or she should present it to the trial court. Such practice is consistent with the premise of Evidence Code sections 1043 and 1045 that the locus of decisionmaking is to be the trial court, not the prosecution or the custodian of records. The custodian should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or

7

otherwise nonresponsive to the defendant's *Pitchess* motion. A court reporter should be present to document the custodian's statements, as well as any questions the trial court may wish to ask the custodian regarding the completeness of the record. [Citation.]" (*Id.* at pp. 1228-1229.)

As for creating a record for appellate review, the *Mooc* court continued: "The trial court should then make a record of what documents it examined before ruling on the *Pitchess* motion. Such a record will permit future appellate review. If the documents produced by the custodian are not voluminous, the court can photocopy them and place them in a confidential file. Alternatively, the court can prepare a list of the documents it considered, or simply state for the record what documents it examined. Without some record of the documents examined by the trial court, a party's ability to obtain appellate review of the trial court's decision, whether to disclose or not to disclose, would be nonexistent. Of course, to protect the officer's privacy, the examination of documents and questioning of the custodian should be done in camera in accordance with the requirements of Evidence Code section 915, and the transcript of the in camera hearing and all copies of the documents should be sealed." (*Mooc, supra,* 26 Cal.4th at p. 1229, fn. omitted.)

In response to a concern that the responding agency might not provide the trial court all potentially relevant evidence, the *Mooc* court noted "that criminal defendants are protected by the fact that a representative of the custodian of records is placed under oath

8

before responding to a trial court's questions during the in camera inspection of records." (*Mooc, supra,* 26 Cal.4th at pp. 1229-1230, fn 4.)

The failure to administer the oath to a custodian of record was addressed more fully in *People v. White* (2011) 191 Cal.App.4th 1333 (*White*). In *White,* the defendant filed a *Pitchess* motion to discover information regarding a California Men's Colony correctional officer. (*Id.* at pp. 1336-1337.) After finding that the defendant made the requisite showing of good cause, the court held an in camera hearing. (*Id.* at p. 1337.) At the hearing, two custodians of records—a litigation coordinator for the California Men's Colony and a personnel supervisor—were present, as well as a deputy attorney general. (*Id.* at pp. 1337-1338.) In response to questions from the court, the personnel supervisor explained that "'[w]e did do a thorough search of all the different files that can be kept on an employee at our institution.'" (*Id.* at p. 1338.) With the help of the litigation coordinator, the trial court then went through each document in the file. (*Ibid.*) The court concluded that no documents needed to be turned over to the defendant. (*Ibid.*)

On appeal, the *White* court stated that the trial court "made a clear and detailed record of the contents of the file that was presented for its review. [Citation.] Moreover, the court did not abuse its discretion in finding that [the defendant] was not entitled to discover any of the documents contained in the file." (*White, supra,* 191 Cal.App.4th at p. 1338.) Nevertheless, the court concluded that the judgment must be conditionally reversed because the trial court failed to administer the oath to the two custodians of record. (*Id.* at p. 1339.) The court explained: "[A]dministering the oath to the

9

custodians of records who testify at *Pitchess* hearings is necessary to establish the accuracy and veracity of the custodians' representations regarding the completeness of the record submitted for the court's review.  [Citation.]  The integrity of the custodian's testimony in this regard is also necessary to ensure that 'the locus of decisionmaking' at the hearing 'is to be the trial court, not the prosecution or the custodian of records.' [Citation.]"  (*Id.* at p. 1340, quoting *Mooc, supra,* 26 Cal.4th at p. 1229.)

As in *White*, the trial court in this case failed to administer the oath to a custodian of records.  We agree with the holding of *White* that the omission requires conditional reversal.  Moreover, in this case, not only was the oath not administered to Greene—the County's only representative at the hearing—but there is nothing in the record to establish that Greene was qualified to be a custodian of the records she provided to the court.  The qualifications of such a custodian of records is suggested by the *Mooc* court's observation that the "custodian should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion."  (*Mooc, supra,* 26 Cal.4th at p. 1229; see also *People v. Guevara* (2007) 148 Cal.App.4th 62, 68-69 [custodian may need to "explain his or her decision to withhold" documents]; *People v. Wycoff* (2008) 164 Cal.App.4th 410, 414-415 [same].)  Thus, in the context of a *Pitchess* hearing, the custodian of records should be someone with knowledge regarding the agency's possession, custody, or control of documents responsive to the *Pitchess* request and the

10

agency's efforts to collect such documents, and who determines which documents are produced to the court.

Here, it does not appear from our record that Greene was the kind of custodian of records contemplated by *Mooc* and its progeny. It appears from the transcript of the in camera hearing that Greene, a deputy county counsel, did little more than deliver a box of documents that had been given to her along with a "cover memo from probation" describing the organization of the documents. During the hearing, Greene recited the names of files (which are apparent from the files themselves) and, as to some files, what she "believe[d]" the documents to be. There is nothing in the record to suggest that Greene had any knowledge regarding the location or maintenance of the probation department's records, participated in the search for documents, or was involved in any decisions as to what to include in the production. Significantly, the court asked no questions of Greene regarding such matters or sought to determine whether any responsive documents were withheld.[5] Upon remand, the court should make such inquiries to an appropriate custodian of records.[6]

---

[5] In *People v. Fuiava* (2012) 53 Cal.4th 622, a sworn custodian of records produced a single potentially responsive document to the court during an in camera *Pitchess* hearing. (*Id.* at p. 646.) The trial court did not ask the custodian whether there were other documents in the personnel files that the custodian deemed nonresponsive. The Supreme Court held that the failure to make that inquiry was not reversible error in part because the in camera *Pitchess* hearing in that case predated the court's "guidance in *Mooc* concerning what steps ought to be taken to ensure an ideal record." (*People v. Fuiava, supra,* at p. 648.) The court expressly declined to "address whether a failure to require that a custodian of records state for the record what documents were deemed nonresponsive, occurring *after* our decision in *Mooc*, would constitute reversible error." (*Id.* at p. 648, fn. 6.) In the present case, we, too, need not decide that question because

*[footnote continued on next page]*

The failure to administer an oath to a custodian of records at the in camera *Pitchess* hearing compels us to conditionally reverse the judgment and direct that a new in camera hearing take place. At that hearing, the court should ensure that a custodian or custodians of records is present and make the appropriate inquiries regarding the production of documents. The court should further ensure that the confidentiality of the documents is maintained and the record is preserved for appellate review.[7]

## III. DISPOSITION

The judgment is conditionally reversed. Upon remand, the trial court shall hold a new in camera hearing on defendant's *Pitchess* motion in accordance with the principles and procedures described in *Mooc, supra,* 26 Cal.4th 1216, its progeny, and this opinion. If the trial court's inspection reveals no additional discoverable information, the trial court must reinstate the judgment of conviction and sentence. If the inspection reveals

---

*[footnote continued from previous page]*
reversal is required by the failure to administer the oath. (See *White, supra,* 191 Cal.App.4th at p. 1339.)

[6] Finally, we note our concern about the manner in which the documents were provided to this court. As described above, documents arrived at our court in an unsealed, vaguely-marked box without reference to the confidential nature of its contents, the hearing to settle the record, or the court's certification that the documents are the same documents produced at the *Pitchess* hearing. These circumstances create uncertainty as to whether the documents that arrived at our court are the documents reviewed at the July 2011 *Pitchess* hearing or produced at the hearing to settle the record in March 2014.

[7] In light of the incomplete and inadequate record for reviewing defendant's more substantive contentions on appeal, we decline to address them on the merits. If a further appeal is necessary, defendant may raise these issues at that time.

12

additional discoverable information, the trial court must order disclosure, allow defendant a further opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
J.

We concur:

HOLLENHORST _____
Acting P. J.

MILLER _____
J.

13