Filed 6/24/14  P. v. Ayala CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>　　v.<br><br>THOMAS AYALA,<br><br>　Defendant and Appellant. | G048613<br><br>(Super. Ct. No. 11WF1121)<br><br>O P I N I O N |

　　　　　Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer and John Conley, Judges.  Reversed with directions.

　　　　　Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

　　　　　*　　　　*　　　　*

A jury convicted defendant Thomas Ayala of 10 counts of committing a lewd act on a child under age 14 (Pen. Code, § 288, subd. (a); all further statutory references are to this code), four counts of committing a lewd act on a 14 or 15-year-old child who is at least 10 years younger than defendant (§ 288, subd. (c)(1), and one count of forcible rape (§ 261, subd. (a)(2)).  It also found true allegations defendant had substantial sexual conduct with minors under the ages of 11 and 14.  (§ 1203.066, subd. (a)(8).)  The trial court sentenced defendant to 45 years to life in prison.

Before trial, defendant moved for discovery of the personnel records of Officers Tran and Valencia, who had had contacted him at his residence.  (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*)).  Defendant sought access to "all documents . . . pertaining to ["[l]ack of credibility/falsifying police reports," "[p]rior acts involving moral turpitude," and "[w]hether the officers were previously employed by a law enforcement agency other than the Garden Grove Police Department"] . . . , including but not limited to documentation of citizen or law enforcement complaints of such conduct and any investigation into the officer[s'] conduct in the case at bar."  The court found good cause to hold an in camera hearing as to Officer Valencia.

At that hearing, the temporary custodian of records for the Garden Grove Police Department stated under oath that he had obtained personnel records for Officer Valencia from his personnel and internal affairs files, as well as "a preemployment file which [he] did not bring because it was prior to [Valencia's] employment as a peace officer."  When asked by the court, the custodian testified that upon reviewing those files, he "found nothing" touching on "issues of veracity, credibility, dishonesty, fabricated reports, [or] anything along those lines," including "citizen complaints dealing with veracity issues," or "investigations[ or] allegations of dishonesty in either file" despite Valencia's eight years with the Garden Grove Police Department.  The court declared, "It looks as though there's nothing to disclose; so therefore, if there's nothing to disclose, we

don't need a protective order." After the hearing, it told defendant "there is nothing to discover at this point in relation to Officer Valencia."

Defendant requests that we conduct an independent review of the in camera proceedings to determine whether the trial court followed the appropriate procedure and properly exercised its discretion in concluding that the records did not contain any discoverable information. The Attorney General does not oppose the request and "concurs review is appropriate." Upon reviewing the sealed record of the proceedings, we conclude it does not permit us to conduct any meaningful review of whether the court appropriately exercised its discretion in denying discovery. We thus reverse the judgment and remand for the limited purpose of conducting a new *Pitchess* hearing in accordance with the principles expressed below. In light of our conclusion, it would be premature to address defendant's argument the judgment should be modified to reflect two additional days of custody credit and we decline to do so.

## DISCUSSION

"Although the custodian of records was required to submit for review only those documents that were potentially responsive to the discovery request, our Supreme Court has directed that '[t]he custodian should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion.' [Citation.] Moreover, 'if the custodian has any doubt whether a particular document is relevant, he or she should present it to the trial court.' [Citation.] [¶] Accordingly, in cases such as this where the custodian of records does not produce the entire personnel file for the court's review, he or she must establish on the record what documents or category of documents were included in the complete personnel file. In addition, if it is not readily apparent from the

3

nature of the documents that they are nonresponsive or irrelevant to the discovery request, the custodian must explain his or her decision to withhold them.  Absent this information, the court cannot adequately assess the completeness of the custodian's review of the personnel files, nor can it establish the legitimacy of the custodian's decision to withhold documents contained therein.  Such a procedure is necessary to satisfy the Supreme Court's pronouncement that 'the locus of decisionmaking' at a *Pitchess* hearing 'is to be the trial court, not the prosecution or the custodian of records.' [Citation.]  It is for the court to make not only the final evaluation but also a record that can be reviewed on appeal." (*People v. Guevara* (2007) 148 Cal.App.4th 62, 68-69.)

In *People v. Guevara*, *supra*, 148 Cal.App.4th 62, only a list of documents contained in the subject officers' personnel files was provided to the trial court during an in camera hearing on a *Pitchess* motion.  Other than the list, there was no record of the documents in the officers' files or any explanation as to why they were withheld.  There was also "no indication that the trial court actually reviewed the list the city attorney submitted in support of the custodian of record's decision to produce no records for the court's examination." (*Id*. at p. 69)  Because that list was not included in the appellate record and could not be located, the appellate court was unable to review it.  Under these circumstances, the court "reverse[d] the judgment and remand[ed] for a new *Pitchess* hearing in which the proper procedure is followed." (*Ibid.*)

We shall do the same.  The record does not indicate whether the court reviewed any of the documents or that a list of documents was even prepared by the temporary custodian of record in support of his decision not to produce any records for the court's review.  Nor did the court question the custodian about what documents or categories of documents were contained in the files he reviewed.  Rather, the court impermissibly deferred to the custodian's judgment about whether disclosure was appropriate and did not make a record of the documents that were subject to his determination.  This leaves us unable to conduct any meaningful review on appeal.

4

Accordingly, we must conditionally reverse the judgment and remand for the trial court to conduct a new *Pitchess* hearing, at which it must personally review the personnel records (or obtain a list of their contents) and confirm the conclusion of the custodian of records. If, however, the court finds there was discoverable evidence, it must then determine whether defendant was prejudiced from the denial of discovery. (*People v. Hustead* (1999) 74 Cal.App.4th 410, 423.)

## DISPOSITION

The judgment is reversed. The cause is remanded to the trial court with directions to hold a new *Pitchess* hearing in which it shall either conduct its own review of the relevant records or obtain a list of the documents that the custodian reviewed. If the trial court finds there is in fact discoverable evidence, it shall then determine whether defendant was prejudiced from the denial of discovery. If the court confirms the lack of discoverable evidence or finds that defendant was not prejudiced from the denial of discovery, the judgment shall be reinstated as of the date of its ruling to that effect. Otherwise, the trial court shall conduct further proceedings as are warranted.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

FYBEL, J.

THOMPSON, J.

5