Filed 12/23/14  P. v. Casteneda CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY DAVID PERAZA CASTENEDA,<br><br>    Defendant and Appellant. | C075159<br><br>(Super. Ct. No. SF122594A) |

Defendant Anthony David Peraza Casteneda pleaded guilty to possession of methamphetamine.  (Health & Saf. Code, § 11378.)  The trial court sentenced defendant to five years of probation, suspended imposition of sentence, and ordered defendant to serve 180 days in county jail.  On appeal, defendant asks us to review the trial court's in camera determination that one officer's police personnel files did not contain any

1

discoverable materials.  Because the in camera review was impermissibly perfunctory, we must conditionally reverse the judgment.

## BACKGROUND

Prior to entering into his plea agreement, defendant brought two discovery motions pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 seeking the personnel records of Stockton Police Officer Houston Sensabaugh and another law enforcement officer.  The trial court found good cause to review Officer Sensabaugh's personnel files for evidence of dishonesty.  The court then conducted an in camera hearing with counsel for the City of Stockton.

The following is the relevant portion of the hearing on defendant's motion to discover the personnel files of Officer Sensabaugh:

"THE COURT:  We are in chambers on a Pitchess motion.  Marcie Arredondo is here from the City Attorney's office.  It's regarding Officer Sensabaugh, and it regards the issue of honesty and truthfulness, and did you find anything in the personnel files that would reflect on those issues?

"MS. ARREDONDO:  No, Your Honor.

"THE COURT: We'll note that for the record."

## DISCUSSION

Defendant asks us to review the trial court's ruling that there were no discoverable materials in the officer's personnel records.

Defendant appeals without a certificate of probable cause.  However, he points out that his appeal is directed to the denial of his motion to suppress evidence prior to his plea.  Where a defendant's *Pitchess* motion is " 'directed to' " the legality of a search, a challenge to the *Pitchess* ruling is cognizable on appeal pursuant to Penal Code section 1538.5, subdivision (m), providing for review of suppression motions notwithstanding a guilty plea.  (*People v. Collins* (2004) 115 Cal.App.4th 137, 141, 148-149.)  Accordingly,

2

we will consider defendant's *Pitchess* claim to the extent it is " 'directed to the legality of the search.' " (*Id.* at p. 149.) The People do not oppose review.

To compel discovery of confidential materials in peace officer personnel files, a defendant must file an affidavit that establishes good cause in the form of a reasonable belief that the type of records requested are material to his or her defense and in the possession of the employing agency; only a relatively low threshold is necessary to compel discovery. (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019.) Upon a finding of good cause, the trial court must then review the records in camera and disclose "only that information falling within the statutorily defined standards of relevance." (*Id.* at p. 1019.)

Fundamental to the procedure under the statutory scheme which codifies *Pitchess* is "the intervention of a neutral trial judge" to examine the records and determine what documents, if any, should be disclosed. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1227 (*Mooc*).) "Documents clearly irrelevant to a defendant's *Pitchess* request need not be presented to the trial court for in camera review"; however, the "custodian should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion." (*Id.* at p. 1229.)

"Absent this information, the [trial] court cannot adequately assess the completeness of the custodian's review of the personnel files, nor can it establish the legitimacy of the custodian's decision to withhold documents contained therein. Such a procedure is necessary to satisfy the Supreme Court's pronouncement that 'the locus of decisionmaking' at a *Pitchess* hearing 'is to be the trial court, not the prosecution or the custodian of records.' " (*People v. Guevara* (2007) 148 Cal.App.4th 62, 69, quoting *Mooc*, *supra*, 26 Cal.4th at p. 1229 [sworn statement of custodian that records did not contain potentially discoverable materials was insufficient to satisfy the trial court's

3

obligation to review records; since custodian's sealed list of reviewed documents was not available for appellate review, the trial court must conditionally reverse for new hearing].)

Here, the trial court failed to follow this procedure for proper *Pitchess* review. The representative for the City of Stockton did not present any documents for review, nor did the court question her about what documents or categories of documents were contained in the locations she reviewed. Rather, the trial court impermissibly deferred to the custodian's judgment about whether disclosure was appropriate, and did not make a record of the documents that were subject to that determination. This leaves us unable to conduct any meaningful review on appeal.

Accordingly, we must conditionally reverse the judgment and remand for the trial court to conduct a new *Pitchess* hearing. The court must also make an oral record of what it reviews, obtain a list or log of the records from the agency and place that document in the court record, or place sealed copies of the agency records in the court record. (*Mooc, supra*, 26 Cal.4th at p. 1228.)

## DISPOSITION

The judgment is conditionally reversed. The cause is remanded to the trial court to permit the trial court to conduct an in camera review of the requested peace officer personnel records. If the inspection reveals relevant information, the trial court must order disclosure, allow appellant an opportunity to demonstrate prejudice, and order a new suppression hearing if there is a reasonable probability that the outcome would have

been different had the information been disclosed.  If the inspection reveals no relevant information or if the inspection reveals relevant information, but that disclosure of the information does not demonstrate a reasonable probability that the outcome of the hearing would have been different, the trial court must reinstate the judgment of conviction and sentence.


                                        _____DUARTE_____, J.



We concur:



_____HULL_____, Acting P. J.



_____MAURO_____, J.