Filed 2/18/15  P. v. Ibarra CA3
Opinion following rehearing

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072556 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F00954) |
| v. | |
| LIDIA IBARRA, | |
| Defendant and Appellant. | |

Defendant Lidia Ibarra appeals her conviction for furnishing methamphetamine in violation of Health and Safety Code section 11379, subdivision (a).[1]  She requests that we review the sealed transcript of the *Pitchess*[2] hearing to determine if the trial court properly denied the motion.  She contends the court erred in refusing to instruct the jury

---

[1] Further undesignated statutory references are to the Health and Safety Code.

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

1

with her proposed pinpoint instruction, and that insufficient evidence supported the court's true finding regarding her three prior prison terms. (Pen. Code, § 667.5, subd. (b).)

The People agree with defendant's Penal Code section 667.5, subdivision (b) claims. We agree with the parties that the trial court's true findings on defendant's prior prison term allegations were not supported by sufficient evidence. Accordingly, we shall remand for the proper determination to be made regarding the prior prison terms. We affirm the judgment in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 2012, Sacramento police officers found one gram of methamphetamine in a baggie, inside a closet, in Rachel Lopez's apartment. Lopez, the apartment manager, told the police that defendant had given her the methamphetamine a few hours earlier.[3] She also told the police that defendant lived in the apartment complex and usually paid her rent "in methamphetamine." When police subsequently arrested defendant, they found a baggie of methamphetamine in her pocket similar to the one found in Lopez's closet.

Defendant was charged with possession of methamphetamine for sale (§ 11378) and furnishing methamphetamine (§ 11379, subd. (a)).[4] The People further alleged

---

[3] At trial, Lopez denied defendant gave her the methamphetamine and also denied telling the police that defendant gave her the methamphetamine.

[4] Section 11379, subdivision (a), in relevant part, subjects defendant to felony criminal penalties if she "transports, imports, . . . sells, furnishes, administers, or gives away" certain controlled substances, including methamphetamine, or offers or attempts to do the same. The specific language of defendant's charging document included all of this language, but the jury instruction and verdict form for this count characterized defendant's conduct only as "giving away" methamphetamine.

2

defendant was previously convicted of a serious felony (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12) and served three prior terms in prison (Pen. Code, § 667.5, subd. (b)).

Defendant's first trial ended in a mistrial; a second jury trial began on October 4, 2012. Pretrial, the trial court struck the possession for sale charge, and after presentation of evidence the jury found defendant guilty of "giving away" methamphetamine. (§ 11379, subd. (a).) The judge instructed the jury on the lesser included offense of simple possession (§ 11377, subd. (a)), but the jury did not reach that charge as it convicted defendant of the greater offense of "giving away."

The trial court subsequently found true the enhancement allegations--including prison priors from 1995, 1999, and 2006--and sentenced defendant to an aggregate term of nine years in state prison. Defendant appeals.

## DISCUSSION

### I

### *Pitchess Motion*

Before trial, defendant filed a *Pitchess* motion. After holding an in camera hearing, the trial court declined to order any discovery. Defendant asks us to conduct an independent review of the sealed records of the trial court's hearing on her *Pitchess* motion. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1225-1226 (*Mooc*).)

A criminal defendant may compel discovery of certain information in police officer personnel files. The defendant must first demonstrate good cause by making "general allegations which establish some cause for discovery" of the information and by showing how it would support a defense to the charge against him. (*Pitchess*, *supra*, 11 Cal.3d at pp. 536-537; see Evid. Code, § 1043, subd. (b)(3).) If the trial court finds good cause, the custodian of the officer's records brings to court all the potentially relevant records and, in camera, the court determines whether any information from the records need be disclosed to the defense. (*Mooc, supra*, 26 Cal.4th at p. 1226.) Here, the trial court held such a hearing.

3

Initially, the record on appeal contained only the sealed reporter's transcript from the in camera proceedings. Because the custodian of records identified *potentially* responsive material in the officer's personnel file and presented this material to the trial court for review, we are required to review the material presented to the trial court, not just the reporter's transcript. (See *People v. Fuiava* (2012) 53 Cal.4th 622, 648 (*Fuiava*); *People v. Guevara* (2007) 148 Cal.App.4th 62, 67, 69; *People v. Wycoff* (*2008*) 164 Cal.App.4th 410, 414-415.) Accordingly, we ordered the appellate record augmented to include the material reviewed by the trial court. Then, because the trial court had not kept copies of any material reviewed,[5] we ordered the trial court "to obtain the materials previously reviewed by the trial court in camera, and forward a copy of those materials to this court, under seal, with no copies to counsel." The trial court obtained the materials reviewed by the trial court at the *Pitchess* hearing and forwarded them to our court.

We will not disturb a trial court's ruling on a *Pitchess* motion absent an abuse of discretion. (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1039.) Having independently reviewed the sealed transcript of the *Pitchess* proceeding, as well as the materials reviewed at that proceeding, we conclude the court followed proper *Pitchess* procedures and did not err when it declined to order discovery. (See *Fuiava*, *supra*, 53 Cal.4th at pp. 646-648.)

---

[5] "The trial court should . . . make a record of what documents it examined before ruling on the *Pitchess* motion. Such a record will permit future appellate review. If the documents produced by the custodian are not voluminous, the court can photocopy them and place them in a confidential file. Alternatively, the court can prepare a list of the documents it considered, or simply state for the record what documents it examined." (*Mooc, supra*, 26 Cal.4th at p. 1229; see *People v. Prince* (2007) 40 Cal.4th 1179, 1285-1286 [record adequate for appellate review because it included "the documents that formed the basis for the [trial] court's conclusion that defendant was not entitled to the complaints"].

## II

### *Pinpoint Instruction on Constructive Possession*

Defendant next contends the trial court erred in refusing to instruct the jury using her pinpoint instruction on constructive possession. Defendant contends her proposed instruction was necessary to define what it means to "give away" methamphetamine under section 11379, subdivision (a).

A. *Background*

Defendant proposed the following instruction:

"Possession may be actual or constructive. The defendant has constructive possession when she maintains control of a right to control [*sic*] contraband. Even if the defendant did not have exclusive control of the closet, she still[] possesses the contraband if she had not abandoned the contraband and no other person has obtained possession. The defendant is also deemed to have possessed the contraband if, pursuant to her direction or permission, another person actually possessed the contraband and the defendant retained the right to control the contraband."

The trial court declined to give the instruction, finding "the instructions within [Numbers] 2300 and 2304 of [CALCRIM] sufficiently cover a definition of possession."

The court instructed the jury as relevant here regarding possession as follows (from CALCRIM No. 2300): "[A] person does not have to actually hold or touch something to give it away. It is enough if the person has control over it or the right to control it either personally or through another person." And from CALCRIM No. 2304: "[T]wo or more people may possess something at the same time," and "a person does not have to actually hold or touch something to possess it. It is enough if the person has control over it or the right to control it either personally or through another person."

B. *Law and Analysis*

A trial court is obliged to instruct, even without a request, on the general principles of law which relate to the issues presented by the evidence. (Evid. Code, §§ 1093, subd.

5

(f), 1127; *People v. Breverman* (1998) 19 Cal.4th 142, 154.)  A pinpoint instruction relates particular facts to a particular legal theory and "pinpoints" the crux of defendant's case, such as mistaken identification.  (*People v. Gutierrez* (2009) 45 Cal.4th 789, 824.)  A trial court is required to give a pinpoint instruction when defendant requests it and there is evidence that supports the theory.  (*Ibid*.)  A court need not, however, give a pinpoint instruction that is argumentative or duplicative.  (*People v. Harris* (2013) 57 Cal.4th 804, 853.)

The defense theory at trial was that defendant had not relinquished possession of the methamphetamine that was found in Lopez's closet; she was, therefore, *still in possession* of the drugs and had not actually given them away.  (Thus the strategy was to admit possession, the lesser included offense, but deny committing the greater offense of "giving away," which required possession but subsequent relinquishment.)  But the proposed instruction did not define what it meant to "give away"; it merely added to the information already provided to the jury regarding possession and constructive possession.  Thus, the instruction was duplicative.  It did *not* do what defendant now claims it did--define "give away."

Further, defendant fails to show prejudice.  In closing, she argued that although the drugs were found in Lopez's closet, defendant never relinquished control of them.  She was thus guilty of possessing the drugs but not giving them away.  The jury instructions as given permitted defendant to make this argument and were legally supportive of it.  Whether the *facts* elicited at trial were supportive of defendant's theory was a jury determination.  That the jury declined to agree with defendant's assessment of the facts did not render the instructions inadequate.  The trial court did not err when it refused defendant's pinpoint instruction.

6

## III

### *Prison Priors*

Defendant contends that insufficient evidence supports the trial court's true findings on her prison commitments, as the People presented no proof that she was not subject to the five-year "wash out" provision found in Penal Code section 667.5, subdivision (b). The People agree that defendant's prison priors are unsupported by substantial evidence, as the evidence presented failed to prove one of the required elements--that defendant was not subject to the five-year "wash out" provision, which requires proof that defendant did *not* remain free for five years of both prison custody and a new felony conviction after sustaining the alleged prior convictions. (See *People v. Tenner* (1993) 6 Cal. 4th 559, 563.)

We agree with the parties that the true findings on the prison priors are not supported by sufficient evidence regarding the five year "wash out" provision, because insufficient evidence was presented regarding defendant's post-2006 conduct in that regard. We will reverse the trial court's findings and remand for retrial. (*See People v. Barragan* (2004) 32 Cal.4th 236, 241, 259.)

## DISPOSITION

The trial court's true findings on defendant's three prior prison terms are reversed. The matter is remanded to the trial court for the limited purpose of affording the People the opportunity to establish that defendant did not remain free for five years of both prison custody and a new felony conviction as required by Penal Code section 667.5, subdivision (b). The People have 90 days from remittitur to calendar a hearing for this purpose.

If the People meet their burden, the trial court shall reenter the judgment and sentence, as modified. If the People fail to timely calendar the necessary hearing within 90 days from remittitur, or, at said hearing, fail to prove defendant's prior prison terms as

7

detailed *ante*, the trial court is directed to dismiss the allegations and resentence defendant accordingly.

In either event, the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

                                 DUARTE          , J.

We concur:

      NICHOLSON     , Acting P. J.

      MURRAY         , J.

8