Filed 3/13/15  P. v. Freeman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076158 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F06376) |
| v. | |
| JAMES EARL FREEMAN, | |
| Defendant and Appellant. | |

FACTS AND PROCEEDINGS

This is defendant's second appeal in this case.  We granted the People's motion to incorporate defendant's first appeal, case No. C070176, by reference.

In August 2009, Sacramento City Police Officer Steven Fontana and Sacramento County Deputy Sheriff Jason Abbott were conducting fare inspections for the Regional Transit light rail when they spoke to defendant James Earl Freeman as he left a train. During a lawful search of defendant, he was found to have a baggie containing cocaine base in his pants pocket.  Defendant was charged with possession of cocaine base plus allegations that he had a prior strike conviction and had served four prior prison terms.

1

Before trial, defendant filed *Pitchess* motions (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*), setting forth the procedure for a defendant to obtain disclosure of private information contained in the files of a law enforcement officer) asking for discoverable material in the personnel files of Officer Fontana and Deputy Abbott. The trial court found the motions established good cause for review of the officers' files for material relating to racial bias and profiling. The court conducted a hearing on the *Pitchess* motions and determined the files of the officers contained no discoverable material.

Defendant was convicted as charged and sent to state prison. He appealed and requested this court to review whether the *Pitchess* motions were properly denied. We reviewed the sealed transcript of the hearing and concluded it was inadequate for meaningful review. Accordingly, we conditionally reversed the judgment and remanded the case to the trial court with directions to conduct another *Pitchess* hearing. Specifically, our directions to the trial court were "to conduct a new *Pitchess* hearing in which it shall either conduct its own review of the relevant records or obtain a list of the documents that the custodians reviewed. If the trial court finds there is in fact discoverable evidence, it shall then determine whether defendant was prejudiced from the denial of discovery. If the court confirms the lack of discoverable evidence or finds that defendant was not prejudiced from the denial of discovery, the judgment shall be reinstated as of the date of its ruling to that effect. Otherwise, the trial court shall conduct further proceedings as are warranted."

On March 10, 2014, the trial court (Hon. Emily Vasquez) conducted the second *Pitchess* hearing and concluded there was no discoverable evidence in either Fontana's or Abbott's files and denied the motions. Defendant has again appealed and requests us to review the record of the second hearing to determine if the court properly denied the motions. We have reviewed the records of the hearing and, for reasons to follow, conclude the trial court's ruling was proper.

DISCUSSION

I

*Review of Pitchess Procedure*

To compel discovery of confidential materials in peace officer personnel files (a right originating in *Pitchess, supra*, 11 Cal.3d 531 and later encoded in various statutes), a defendant must file an affidavit that establishes good cause in the form of a reasonable belief that the type of records requested are material to his defense and in the possession of the employing agency; only a relatively low threshold is necessary to compel discovery. (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019.) Upon a finding of good cause, the trial court must then review the records in camera and disclose "only that information falling within the statutorily defined standards of relevance." (*Id.* at p. 1019.)

Fundamental to the procedure under the statutory scheme that codifies *Pitchess* is "the intervention of a neutral trial judge" to examine the records and determine what documents, if any, should be disclosed. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1227 (*Mooc*).) "Documents clearly irrelevant to a defendant's *Pitchess* request need not be presented to the trial court for in camera review"; however, "[t]he custodian should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion." (*Id.* at p. 1229.) "Absent this information, the [trial] court cannot adequately assess the completeness of the custodian's review of the personnel files, nor can it establish the legitimacy of the custodian's decision to withhold documents contained therein. Such a procedure is necessary to satisfy the Supreme Court's pronouncement that 'the locus of decisionmaking' at a *Pitchess* hearing 'is to be the trial court, not the prosecution or the custodian of records.' " (*People v. Guevara* (2007)

3

148 Cal.App.4th 62, 69, quoting *Mooc*, *supra*, 26 Cal.4th at p. 1229 [sworn statement of custodian that records did not contain potentially discoverable materials was insufficient to satisfy the trial court's obligation to review records].)

II

*The Second Pitchess Hearing*

A.     Files of Sacramento Police Officer Steven Fontana

The second hearing was conducted on March 10, 2014.  Present were Sergeant Patrick Kohles, custodian of records at the time of the original hearing, and Sergeant Terrell Marshall, who succeeded Kohles and was custodian of records at the time of the present hearing.  Also present were attorneys Gary Lindsey and Michael Fry from the Sacramento City Attorney's Office.

Both Marshall and Kohles were placed under oath.  The attorneys and the custodians of records explained to the court the manner in which the City of Sacramento Police Department files are maintained.  An officer's personnel file contains records relating to the officer's medical benefits, employment records, salary benefits, pension, and items of that nature.  Complaints against an officer, whether originating from a citizen or from within the police department, are entered into a complaint file that is in a computer system designated "IA-Pro," that is under the control of internal affairs.  The IA-Pro file also contains a file on "Brady material," and a file on any disciplinary action involving an officer.  Although files regarding officer complaints and discipline are required by law to be kept only for five years (Evid. Code, § 832.5, subd. (b)) the Sacramento Police Department keeps them for five and one-half years.  Kohles testified he was the custodian of records for internal affairs at the time of the original hearing on the discovery motions.  Kohles examined the IA-Pro files for Officer Fontana from date of the original hearing back over five years and there were no entries of any complaint.

4

Thus, it was not a matter of Kohles determining the relevance of any material in Fontana's file to the *Pitchess* motion, there simply was no material at all in the file.

Sergeant Marshall was custodian of records at the time of the second *Pitchess* hearing and he checked Fontana's files back five and one-half years from that date. Marshall researched the IA-Pro files and found "no records of any type of misconduct on file," "no complaints whatsoever."

The court summed up the hearing as follows: "All right. So I do want to put on the record that I did not examine any documents because no documents were brought to me to review. Both Sergeant Marshall and Sergeant Kohles have testified under oath that there [are] no documents at all within their possession that are relevant to this *Pitchess* motion, that the only documents in their possession are documents pertaining to Officer Fontana's medical election, letters of appreciation, pay increases, performance evaluations, personnel transfer orders, POST certificates, letters of appreciation, college degree and college transcript, that type of thing. They have no documents pertaining to any pending or reserved disciplinary actions or investigations. There's just nothing there, that they checked in every site and could find nothing." Both Kohles and Marshall affirmed that what the court said was correct.

B.    Files of Deputy Sheriff Jason Abbott

Immediately following the above discovery hearing regarding Officer Steven Fontana, the court conducted the discovery hearing for Deputy Jason Abbott. The custodian of records for the Sacramento County Sheriff's Department was Glenn Powell, who was placed under oath. Powell explained that the Sacramento County Sheriff's Department also used the IA-Pro computer system for the entry and retention of complaints against officers. Powell described the IA-Pro system as working in the same order as had been described by Kohles and Marshall in the preceding hearing, namely that complaints against officers all go into the IA-Pro system and only into that system.

5

Records of the complaints as well as their disposition are retained for five years six months.

Powell researched the records back five and one-half years from the date of the hearing (March 10, 2014) and there were no complaints filed against Deputy Abbott-- "His record is clean as the driven snow."

The trial court found that aside from a one-page document provided by Powell, which stated, "that no documents exist as to [Deputy] Abbott with respect to any type of complaint whatsoever," there was nothing that could be reviewed. The court also pointed out that Powell had testified under oath the only documents regarding Deputy Abbott pertained to items such as salary, increase in salary, medical election, and medical insurance. The court concluded there was no discoverable material and denied the motion.

We have reviewed the transcript of the hearing and conclude that the trial court conducted the hearing in conformity with the procedural requirements of *Pitchess, supra*, 11 Cal.3d 531, and appropriately concluded there was no discoverable material for either Sacramento City Police Officer Steven Fontana or Sacramento County Deputy Sheriff Jason Abbott.

DISPOSITION

The judgment is affirmed.

      HULL      , Acting P. J.

We concur:

    MAURO    , J.

    DUARTE    , J.

6